UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CORREY SHAVANTE J. DAVID, #347206

                    Petitioner,

v.                                           2:07CV396

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                    Respondent.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

          This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.   The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

          On April 21, 2005, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of possession of heroin, possession of cocaine with intent to distribute, and possession of heroin with intent to distribute.   Petitioner was sentenced to serve eleven years imprisonment.   Petitioner appealed to the Virginia Court of Appeals, but on November 16, 2005, the appeal was denied.   Petitioner then appealed to the Supreme Court of Virginia, which refused the appeal on May 4, 2006.   Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but on July 13, 2007, the petition was dismissed.

          On August 29, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on October 9, 2007, respondent file a

motion to dismiss and Rule 5 answer.   This matter is now ripe for consideration.

## B.  Grounds Alleged

Petitioner alleges the following grounds:

1.   Petitioner was denied effective assistance of counsel under the Sixth Amendment because counsel failed to:

    a.   move to suppress evidence gained through an illegal search and seizure and by threat of prosecution;

    b.   object to improper statements made by the trial judge and his opinion of the testimony being proffered by a witness for the Commonwealth;

    c.   object in a timely manner to testimony proffered by the Commonwealth that was speculative in nature, not probative to the facts of the case, and prejudicial to petitioner;

    d.   conduct an adequate investigation prior to trial by failing to:

        (1)   discover key evidence,

        (2)   adequately cross-examine the Commonwealth's witnesses; and

        (3)   call a key witness to testify during the guilt/innocense phase of trial;

    e.   ensure the presence of witnesses at the sentencing phase of trial;

2.   Petitioner was denied his constitutional right to a fair trial because:

    a.   the Commonwealth suppressed exculpatory evidence that tended to support petitioner's innocence;

    b.   the evidence against petitioner was obtained by use of threat of prosecution during an illegal search and seizure;

    c.   the trial judge made improper comments; and

3.   The evidence was insufficient to find petitioner guilty of possession and possession with intent to distribute controlled substances.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

## A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

## B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In _Fields v. Murray_, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. _See id._ at 1032-33 (citing _Rushen v. Spain_, 464 U.S. 114, 120 (1983); _Sumner v. Mata_, 455 U.S. 591, 598 (1982)). As stated in _Marshall v. Lonberger_, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." _Id._ at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or

4

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims have been exhausted.

**D.  Petitioner did not receive ineffective assistance of counsel.**

The standards upon which claims of ineffective assistance of counsel are to be judged are relatively clear.  They were established in Strickland v. Washington, 466 U.S. 668 (1984), and have been applied on numerous occasions by this Court.  In Strickland, the Supreme Court approved as the proper standard for attorney performance that of "reasonably effective assistance."  Id. at 687.  The Court stated:

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

. . . .

5

> A convicted defendant's claim that counsel's
> assistance was so defective as to require reversal
> of a conviction or death sentence has two
> components.  First, the defendant must show that
> counsel's performance was deficient.  This requires
> showing that counsel made errors so serious that
> counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires
> showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable.  Unless a defendant makes
> both showings, it cannot be said that the convic-
> tion or death sentence resulted from a breakdown in
> the adversary process that renders the result
> unreliable.

Id. at 686-87.

There are, therefore, two elements of the Strickland test, each of which must be met before the conduct of counsel can be found constitutionally defective.  First, petitioner must show that he received deficient legal representation, measuring the competency of his counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation."  Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996).  Petitioner must also show actual prejudice; that is, he "must demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'"  Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986); Poyner v. Murray, 964 F.2d 1404, 1425 (4th Cir. 1992)).

The burden on petitioner is to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  That translates into a reasonable probability that "absent

the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In analyzing trial counsel's performance under the "deficiency" prong of Strickland, a reviewing court is required to be highly deferential in scrutinizing counsel's tactics. See Bennett v. Angelone, 92 F.3d 1336, 1349 (4th Cir. 1996). Further, reviewing courts are admonished to "not permit the benefit of hindsight to impact . . . review." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995)(citing Strickland, 466 U.S. at 689).

Petitioner alleges that was denied effective assistance of counsel at trial because counsel failed to move to suppress evidence obtained by an illegal search and seizure, (Claim 1(a). The Supreme Court of Virginia found that petitioner's claim did not satisfy either Strickland prong. The court ruled that the suppression motion would have been futile since petitioner, who was merely a visitor to the apartment which was subject of the search, had no standing to contest the legality of the search. David v. Director, Va S.Ct. Ord. Rec. No. 062722, July 13th, 2007, (citing Rakas v. Illinois, 439 U.S. 128, 131 (1978); Barnes v. Commonwealth, 360 S.E.2d 196, 200 (Va. 1987)). Additionally, the Supreme Court found that petitioner failed to show that the outcome of the trial would have been different if the evidence had been suppressed. Since the Supreme Court of Virginia properly applied established federal law, this Court cannot disturbs its ruling, and the claim should be DISMISSED.

Petitioner alleges that he was denied effective assistance of counsel because counsel failed to object to improper comments made by the trial judge regarding the testimony proffered by a Commonwealth witness, (Claim 1(b). On re-direct, the Commonwealth attempted to elicit from

Officer Francisco Natal, a narcotics expert, an opinion that the evidence was inconsistent with personal use of narcotics.  The trial judge stated:

> Actually that's not what we're really dealing with with Mr. Natal.  What we're doing with Mr. Natal is providing a piece of evidence that has to be related to other pieces of evidence and he's giving his expert opinion not based on what he knows happened, simply based on all of this evidence that has been recovered in his opinion as an expert it is inconsistent with personal use of narcotics.
>
> Then we have to have other witnesses and other testimony to in some way relay that up to the defendant.  And Mr. Natal is not doing that. Actually, I don't think his testimony would be appropriate to do that because he said he wasn't involved in this particular arrest.
>
> He may give that testimony as an expert for what it's worth and I mean that's what his testimony is. And if the evidence is then tied to the defendant by other witnesses, then that's a different question and that's something the jury has to decide in any event.  But he's -- he's saying that given all of what is here, assuming that you can otherwise put the illegal narcotics with the defendant, that he was not a user -- or in his opinion is it's inconsistent with personal use of narcotics.

(Tr. at 209-10.)

According to petitioner, the judge's comment confused the jury because it contradicted Natal's testimony on cross-examination, which was that possession of $340.00 by petitioner was inconsistent with drug distribution.  (Tr. at 207.)   The Supreme Court of Virginia found that petitioner's claim did not satisfy either Strickland prong.  The comments came directly after defense counsel objected during the redirect examination.  The court held that the comments "appropriately characterized . . . Natal's testimony and informed the jury that it was to decide the ultimate issue" of whether the evidence was consistent with personal use or drug distribution, after considering all of the evidence. David, Va. S.Ct. Ord. at 3.  The court ruled that the motion would have been futile and would not have affected the outcome of the trial.

Because the court's decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the claim should be DISMISSED.

Petitioner asserts that he was denied effective assistance of counsel because counsel failed to timely object to Natal's testimony which was speculative, not probative to the facts, and prejudicial, (Claim 1(c). The Supreme Court of Virginia held that the claim failed both prongs of Strickland because Natal was properly qualified as an expert and only stated his expert opinion. Further, "defense counsel successfully objected when the prosecutor attempted to elicit testimony from . . . Natal on the ultimate issue to be decided by the jury." David, Va. S.Ct. Ord. at 4; (Tr. at 201). The Supreme Court noted that the record demonstrated that any further objections would have been futile. The record is devoid of any evidence to indicate that defense counsel's conduct was deficient or that the outcome of the trial would have been different if further objections had been made. Because the Supreme Court's holding is not contrary to federal law, is not an unreasonable application of federal law, and is not based on an unreasonable determination of the facts, the claim should be DISMISSED.

Petitioner alleges that he was denied effective assistance of counsel because counsel did not conduct an adequate investigation prior to trial, (Claim 1(d)(1).) This claim consists of several parts.

First, Petitioner argues that defense counsel should have ordered more extensive fingerprint testing and that counsel should have required that Shenise Hill (the resident of the apartment subject to the search) submit to DNA testing to compare the unknown DNA sample acquired from a baseball cap which was in the apartment. According to petitioner, additional fingerprint testing and DNA analysis would have shown that Hill and Michael Drake, not petitioner, possessed the contraband.

The Supreme Court of Virginia held that counsel's failure to order more fingerprint and DNA testing did not satisfy either <u>Strickland</u> prong.  The court noted that the DNA on the hat matched Drake's DNA and that "none of the fingerprints found matched petitioner, Hill, or the co-defendant." <u>David</u>, Va. S.Ct. Ord. at 4; (Tr. at 147-50.)  The court held that since petitioner failed to provide evidence to support his theory, petitioner failed to "demonstrate that counsel's performance was deficient or that there was a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." <u>Id.</u> at 5.

Even if additional DNA and fingerprint had been obtained and testing produced the results hoped for by petitioner, there is no indication that the outcome of the trial would have been different.  The jury convicted petitioner, despite the fact that no fingerprints were found on any of the evidence, and the only biological matter found belonged to petitioner's co-defendant and another person who was never identified.

Second, petitioner alleges that counsel was ineffective because she failed to obtain the Commonwealth's findings of the fingerprint analyses of items collected from Hill's apartment.  Petitioner argues that the findings would have shown that it was Hill and Drake who were involved in drug distribution, not petitioner.  The Supreme Court of Virginia rejected the argument, finding it "factually without merit." <u>David</u>, Rec. No. 062722 at 5.  The Supreme Court noted that the record revealed that defense counsel effectively used the results of the analyses to demonstrate that petitioner's fingerprints did not appear on any of the evidence obtained.  (Tr. at 97-101, 147-49.)  Therefore, the Supreme Court's finding that petitioner's claim was

"factually without merit" is based on a reasonable determination of the facts and was not contrary to federal law.

Third, petitioner alleges that defense counsel was ineffective because she did not effectively cross-examine the Commonwealth's witnesses regarding the failure to conduct further fingerprint analyses. According to petitioner, further analyses may have revealed that other people, such as Hill and Drake, handled the items. The Supreme Court held that this part of the claim failed to satisfy either Strickland prong. The "performance" was not deficient because counsel effectively cross-examined the witnesses, eliciting testimony that petitioner's fingerprints were not on the items, and that other items were not fingerprinted. David, Va. S.Ct. Ord. at 5-6. The "prejudice" prong was not satisfied because petitioner did not "articulate what answers would have been provided had counsel asked why these items were not fingerprinted." Id. at 6.

The Supreme Court of Virginia did not err in finding that this part of the claim failed both prongs of the Strickland test. The record reveals that defense counsel effectively cross-examined the witnesses regarding the fingerprint evidence. (Tr. at 97, 104-05, 147-49.) Further, petitioner only claims that he was "robbed . . . of important exculpatory evidence" but has not set forth what answers would have been provided. The Supreme Court's holding is not contrary to federal law, is not an unreasonable application of federal law, and is not based on an unreasonable determination of the facts.

Fourth, petitioner alleges that counsel's assistance was ineffective because she failed to call Debra Dabney as a witness on petitioner's behalf. Petitioner asserts that Dabney would have testified that she had dropped him off outside Hill's apartment five to ten minutes before the police approached the suspects, that petitioner was no longer

11

a drug dealer, and that he did not have any guns or drugs when she dropped him off.  The Supreme Court of Virginia held that the claim failed both <u>Strickland</u> prongs because the testimony would have been speculative, as Dabney was not with petitioner between the time she dropped him off and the time he was arrested. <u>David</u>, Va. S.Ct. Ord. at 6.  The Supreme Court found that petitioner did not demonstrate that counsel's performance was deficient or that there was a reasonable probability that the result of the trial would have been different had counsel erred.

The Supreme Court's ruling regarding all portions of Claim 1(d) is not contrary to or an unreasonable application of federal law and is not based on an unreasonable determination of the facts.  Accordingly, Claim 1(d) should be DISMISSED in its entirety.

Petitioner alleges that he was denied effective assistance of counsel because counsel failed to subpoena petitioner's two sisters and cousin to appear on his behalf at the sentencing phase of trial, (Claim 1(e).  The Supreme Court of Virginia held that the claim did not satisfy the <u>Strickland</u> "performance" prong.

The record reveals, and petitioner admits, that the witnesses were not subpoenaed because they agreed to appear voluntarily.  The witnesses were present during the course of the trial but were ordered to leave the courthouse before sentencing because of their behavior and inappropriate actions in the courthouse.  (Tr. at 277-81, 283.)  Although petitioner may have been prejudiced because the witnesses did not testify regarding his character, employment, or abstinence from drug use or distribution, counsel had no reason to subpoena the witnesses who had voluntarily attended the proceedings and who were willing to testify on petitioner's behalf.  Counsel was not to blame for the ejection of petitioner's witnesses from the courthouse due to their behavior, and

12

therefore, her performance cannot be counted as deficient.  The claim is without merit and should be DISMISSED.

### E.  Claims 2(a), 2(b), and 3 are Procedurally Defaulted.

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal.  In <u>Coppola v. Warden of Virginia State Penitentiary</u>, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial.  Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S.Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding."  <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986).  The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system.  <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990).[1]  In <u>Whitley v. Bair</u>, 802 F.2d 1487 (4th Cir. 1986), the court

---

[1]  The court in <u>Bassette</u> relied on section 8.01-654(B)(2) of the Virginia Code.  <u>Bassette</u>, 915 F.2d at 936.  Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." The Supreme Court of the United States recently addressed the same issue in Coleman v. Thompson, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. Id. at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

Id. at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause

resulting in actual prejudice.  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).
Petitioner has not made a showing of justifiable cause for his failure
to appeal the aforementioned issues to the Court of Appeals and the
Supreme Court of Virginia.  Therefore, the issue of actual prejudice need
not be addressed.

Claims 2(a), 2(b), and 2(c) were dismissed by the Supreme
Court of Virginia pursuant to <u>Slayton</u> because they were not raised at
trial or on direct appeal.  Therefore, the claims are defaulted before
this Court as well.  However, the Court will briefly touch on the merits
of each claim.


### 1.  <u>Claim 2(a)</u>

Petitioner alleges that he was denied a fair trial because the
prosecution deliberately suppressed exculpatory evidence.  Specifically,
petitioner claims that the results of the fingerprint analysis were
suppressed by the Commonwealth.  Petitioner asserts that this Court
should address the merits of his claim under  <u>Coleman</u> because he can
demonstrate cause and actual prejudice due to the suppression.
Additionally, petitioner asserts that if this Court does not consider the
merits of the claim, a fundamental miscarriage of justice will result.

With respect to cause, petitioner asserts ineffective
assistance of counsel and improper tactical conduct by the prosecutor.
As noted above, defense counsel's assistance was not ineffective
regarding this issue.  Further, there is no evidence of improper conduct
by the prosecutor, as she was unaware of the existence of any fingerprint
analysis report.  (Tr. at 98-99.)  Additionally, petitioner cannot assert
actual prejudice or that a fundamental miscarriage of justice would
result if the claim were not decided on the merits.  As noted above,

defense counsel effectively cross-examined the Commonwealth's witnesses about the lack of fingerprint evidence that would connect him or anyone else to the evidence. ( Tr. at 97, 104, 147-49.)   The claim is procedurally defaulted and without merit and should be DISMISSED.

### 2.   Claim 2(b)

Petitioner alleges that he did not receive a fair trial because the government's evidence was obtained during an illegal search and seizure.   Petitioner attacks the consent for the search and claims that the evidence was inadmissible under the fruit of the poisonous tree doctrine.   Petitioner's sole claim of justifiable cause for failing to object at trial and raise the issue on direct appeal is ineffective assistance of counsel.   However, counsel was not ineffective for failing to object at trial because petitioner lacked standing to challenge the legality of the search.   The claim is procedurally defaulted and without merit and should be DISMISSED.

### 3.   Claim 2(c)

Petitioner alleges that he did not receive a fair trial because the judge made improper comments regarding the Commonwealth's evidence.   Petitioner's sole contention of justifiable cause for failing to object at trial and raise the issue on direct appeal is ineffective assistance of counsel.   However, counsel was not ineffective for failing to object at trial.   Further, because the judge's comment was not prejudicial to petitioner, a fundamental miscarriage of justice cannot result by affirming the Supreme Court's ruling regarding the claim.   The claim is procedurally defaulted and without merit and should be DISMISSED.

### F.   The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 324 (1979).  In Wright v. West, 505 U.S. 277 (1992), the Supreme Court held that:

> In Jackson, we emphasized repeatedly the defer- ence owed to the trier of fact and, correspond- ingly, the sharply limited nature of constitutional sufficiency review.  We said that "all of the evidence is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record-- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted).  In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner.  Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner alleges that the evidence at trial was insufficient to support his conviction for possession and possession with intent to distribute controlled substances, (Claim 3).  Petitioner's argument rests on the issue of whether the Commonwealth proved possession of the heroin and cocaine found in Hill's apartment.  The record reveals that the evidence is sufficient to prove constructive possession.  As the Court of Appeals of Virginia noted:

> From the evidence of appellant's proximity to the heroin capsules, located in plain view on the bed, coupled with appellant's attempt to distance himself from the bedroom when the police were at the apartment door, the jury could conclude that appellant was aware of the presence and character

17

> of the heroin and it was subject to his dominion
> and control.
>
> . . .
>
> From the evidence of appellant's proximity to the
> cocaine and heroin recovered from the hat on the
> dresser, coupled with the case in appellant's
> possession, the quantity of drugs found, the
> presence of the scales, cornstarch, plastic
> baggies, and firearms, and the expert testimony
> that drug dealers normally work in teams, the jury
> could conclude appellant possessed cocaine and
> heroin with the intent to distribute it.

David v. Commonwealth, Va. Ct. App. Rec, No. 1099-05-1, 3, November 16,
2005.  Given the great deference owed to jury decisions and viewing the
evidence in the light most favorable to the prosecution, a rational trier
of fact could have found petitioner guilty of possession of heroin and
possession of heroin and cocaine with the intent to distribute.  The
claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that
petitioner's petition for writ of habeas corpus be DISMISSED and
respondent's motion to dismiss be GRANTED.  Petitioner has failed to
demonstrate "a substantial showing of the denial of a constitutional
right."  Therefore, it is recommended that the Court decline to issue any
certificate of appealability pursuant to Rule 22(b) of the Federal Rules
of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039
(2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are
notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the
Clerk written objections to the foregoing findings and recommendations
within ten days from the date of mailing of this report to the objecting

party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

May 2, 2008

19

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

       Correy Shavante J. David, #347206, <u>pro</u> <u>se</u>
       Keen Mountain Correctional Center
       P.O. Box 860
       Oakwood, VA  24631


       J. Robert Bryden, II, Esq.
       Assistant Attorney General of Virginia
       900 E. Main Street
       Richmond, VA  23219


                  Fernando Galindo, Clerk


                  By _____
                          Deputy Clerk

                  _____, 2008

20